**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Israel SAENZ, Jr., Defendant– Appellant.**

No. 06–40880.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 2007.

Israel Saenz, Jr., Pollock, LA, pro se.

Jose A Flores, Jr., U.S. Attorney's Office Southern District of Texas, Laredo, TX, for Plaintiff–Appellee.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

In this case filed pursuant to 28 U.S.C. § 2255, the district court entered a final judgment dismissing the action on April 5, 2006. On April 20, 2006, the petitioner

---

filed a pro se notice of appeal from the final judgment. In his request for a certificate of appealability, the petitioner noted that the district court failed to address one of the issues in his motion. On May 15, 2006, the district court entered an order vacating its earlier final judgment dismissing the case and restoring the case on the docket.

The district court was divested of jurisdiction by the filing of a timely notice of appeal. *See Alvestad v. Monsanto Co.,* 671 F.2d 908, 911 n. 2 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). This court has received a request from the district court to remand the case so that it can address the remaining issue in the § 2255 motion. We remand the case to the district court to re-enter its judgment and conduct such further proceedings as may be necessary. *See Willie v. Continental Oil Co.,* 746 F.2d 1041, 1046 (5th Cir.1984), *vacated by grant of rehearing en banc,* 760 F.2d 87 (5th Cir.1985), *on rehearing,* 784 F.2d 706 (5th Cir.1986) (en banc). *See also Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1407 n. 3 (5th Cir.1994) (citing panel opinion in *Willie* ). We do not retain jurisdiction.

REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has